**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**

**CIVIL NO. 1:06CV24**
**(1:04CR24)**

| | |
|---|---|
| **ANNA LOU BARKER,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **vs.** ) | **MEMORANDUM AND** |
| ) | **ORDER** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's motion to vacate,

set aside or correct sentence pursuant to 28 U.S.C. § 2255 and the two

addendums to the motion filed March 27, 2006, and June 30, 2006,

respectively. No response is necessary from the Government.

## I. STANDARD OF REVIEW

A prisoner in federal custody may attack her conviction and sentence

on the ground that it is in violation of the Constitution or United States law,

was imposed without jurisdiction, exceeds the maximum penalty, or is

otherwise subject to collateral attack. **28 U.S. C. § 2255**. However,

> [i]f it plainly appears from the face of the motion and any
> annexed exhibits and the prior proceedings in the case that the
> movant is not entitled to relief in the district court, the judge
> shall make an order for its summary dismissal and cause the
> movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.**  The Court, having reviewed the record of criminal proceedings, enters summary dismissal for the reasons stated herein.

## II.  PROCEDURAL HISTORY

On April 5, 2004, the Petitioner and four other individuals were charged with conspiring to possess with intent to distribute at least five kilograms of a mixture or substance containing a detectable amount of cocaine and less than 50 kilograms of a mixture or substance containing a detectable amount of marijuana, all in violation of 21 U.S.C. §§ 841 and 846. **Bill of Indictment, filed April 5, 2004**.  On June 22, 2004, Petitioner entered into a written plea agreement with the Government wherein she agreed to plead guilty to the single charge set forth in the indictment. **Plea Agreement, filed June 25, 2004**.  With respect to the offense conduct, the parties stipulated that the amount of cocaine that was known to or reasonably foreseeable by Petitioner was "at least 3.5 kilograms but less

than 5 kilograms." *Id.* **at 2**.   Also, by the terms of the plea agreement, Petitioner expressly waived her right to directly appeal her conviction or sentence, or to collaterally attack those matters on any grounds other than ineffective assistance of counsel and/or prosecutorial misconduct.  *Id.* **at 4-5**.  Petitioner further agreed that if requested by the Government to do so, she would provide truthful information about the subject charges and about any other criminal activity which was within her knowledge.  *Id.* **at 5**.

On June 30, 2004, Petitioner appeared before the Court for a Rule 11 Hearing.  **Rule 11 Inquiry and Order Of Acceptance Of Plea, filed June 30, 2004.**  At that hearing, the Magistrate Judge placed Petitioner under oath and then engaged her in a lengthy colloquy to ensure that her guilty plea was intelligently and voluntarily tendered.  *Id.*  In response to the Court's numerous questions, Petitioner reported that she was not under the influence of any illicit drugs or alcohol.  *Id.* **at 2.**  Petitioner further explained that she was taking prescribed medications for diabetes, high cholesterol and high blood pressure, but did not believe these prescribed medications were affecting her understanding or judgment.  *Id.*

Petitioner also informed the Court that she had completed two and a half years of college, had obtained her CNA-2 designation, was certified

with H&R Block as a tax preparer, and was certified as a broker. *Id.*
Petitioner also told the Court that her mind was clear about the guilty plea
proceeding. *Id.*

Next, Petitioner told the Court that she and her attorney had reviewed
the charge which she was facing. *Id.* **at 3.** In addition, Petitioner stated
she understood the elements of the crime charged and the corresponding
penalties. She stated she understood her right to persist in her plea of "not
guilty," at which time the Government would have been required to prove
all of the elements of the offense beyond a reasonable doubt; she would
have been entitled to a jury trial and afforded the assistance of counsel, a
right to confront the witnesses against her, a right to testify, and a right to
cross-examine those witnesses. *Id.* **at 4-5.** Petitioner also indicated that
she understood that by tendering her guilty plea, she was giving up those
and certain other rights. *Id.* **at 5**.

Further, Petitioner stated she understood that once her guilty plea
was entered, it could not later be withdrawn; that she was entering her
guilty plea because she was, in fact, guilty of the offense charged; that her
guilty plea was being voluntarily tendered; that no one had threatened or
coerced her into entering a guilty plea, nor had she been made any

promises beyond those set forth in her plea agreement; that she and counsel had discussed possible defenses she might have had to the charge; that she and counsel had discussed how the Sentencing Guidelines might affect her case; and that her guilty plea was being tendered as a result of those discussions with counsel. *Id.* **at 3, 5-8.**

Furthermore, Petitioner stated to the Court that she agreed with the terms of her plea agreement and that she understood and accepted the limitations on her appellate rights as set forth in that agreement. *Id.* **at 7**. Petitioner also told the Court that she fully was satisfied with the services of her attorney and did not have any questions for the Court. *Id.* **at 6, 8**. After hearing Petitioner's answers to the questions of the Rule 11 inquiry, the Magistrate Judge found that Petitioner's plea was knowingly and voluntarily entered and made and accepted her guilty plea. *Id.* **at 8-9.**

On January 31, 2005, the Government filed a motion for a downward departure pursuant to 18 U.S.C. § 3553(e) based upon Petitioner's substantial assistance and requested a two-level decrease in Petitioner's offense level from 27 to 25. Based upon a Criminal History Category IV, the proposed reduction had the effect of reducing her exposure from a range of 151 to 188 months imprisonment to 84 to 105 months

imprisonment. **Motion for a Downward Departure, filed January 31,**
**2005**.

On February 2, 2005, Petitioner filed a waiver with the Court
acknowledging that the U.S. Supreme Court recently had determined the
U.S. Sentencing Guidelines to be advisory, not mandatory, pursuant to
*United States v. Booker*, 543 U.S. 220 (2005). **Waiver, filed February 2,**
**2005.** Pursuant to the Waiver, the Petitioner elected to have the Court
consult the Guidelines and calculate her sentence in accordance thereto,
allowing the Court to determine her offense level under the "preponderance
of the evidence" standard. *Id.* **at 2-3**. The Waiver expressly noted that the
Court's calculations could be based upon "any reliable evidence, including
hearsay evidence." *Id.* **at 3.**

On February 3, 2005, Petitioner appeared before the undersigned for
sentencing. The Government and the Petitioner stipulated to the factual
basis supporting her guilty plea. Counsel for the Government requested
the Court grant the motion for downward departure and sentence Petitioner
within the recommended Guidelines range. After hearing from counsel for
the Government and for the Petitioner, the Court sentenced her to 84
months imprisonment. **Judgment in a Criminal Case, filed February 15,**

**2005**.  Petitioner did not appeal her conviction or sentence; therefore, her judgment became final ten days later.  ***United States v. Wilson*, 256 F.3d 217, 221 (4th Cir. 2001).**  This motion was filed February 2, 2006, and is timely filed.

## III.  DISCUSSION

Petitioner alleges that she received ineffective assistance of counsel in that counsel: (1) failed to advise her of the consequences of her Plea Agreement and her substantial assistance to the Government; (2) failed to "discuss the Fifth Amendment violation [of] self-incrimination"; (3)  failed to "protect[]" her during the negotiations for her guilty plea; (4) failed to "make every effort that [she] received a binding Plea Agreement under FRCP 119(1)(c) for the personal damage [she] has placed herself in upon her releace [sic] from her present incarceration"; (5) failed to "obtain a sentence that reflected [her] assistance"; (6) failed to "investigate the circumstances of [her] involvement, and any mitigating facts of that involvement"; and (7) failed to "subject the government to a meaningful adversarial challenge during the sentencing hearing for the two (2) point downward depart[ure] [.]"  **Motion to Vacate, Attachment, at 1-2.**

By her second and third claims, Petitioner alleges that her due process and equal protection rights under the Fifth and Fourteenth Amendments were violated.  By her last claim, Petitioner argues that the Court lacked personal jurisdiction over her.  However, Petitioner did <u>not</u> file an appeal in which her last three claims could have been directly reviewed.

"In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which [she] complains[,] or [she] must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack."  **United States v. Mikalajunas**, **186 F.3d 490, 492-93 (4ᵗʰ Cir. 1999) (citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982)); *see also, Bousley v. United States*, 523 U.S. 614, 621 (1998) (failure to challenge a matter on direct appeal, absent certain compelling circumstances, bars collateral review of same); *Stone v. Powell*, 428 U.S. 465, 477 n.10 (1976)**.

In the instant case, Petitioner does not mention, or otherwise attempt to explain the absence of an appeal.  Nor does Petitioner attempt to establish a basis upon which her procedural default conceivably could be

excused by the Court. Therefore, the Court finds that Petitioner's three non-counsel related claims have been procedurally defaulted, and she is not entitled to a review of the merits of those matters.[1]

Petitioner's only cognizable claim is the alleged ineffective assistance of her attorney. This claim, however, fails for several critical reasons.

When alleging a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent it fell below an objective standard of reasonableness, and that she was prejudiced thereby. ***Strickland v. Washington*, 466 U.S. 668, 687-91 (1984)**. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. ***Id.* at 689**; ***see also, Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1297-99 (4th Cir. 1985)**; ***Hutchins v. Garrison*, 724 F.2d 1425, 1430-31 (4th Cir. 1983)**; ***Marzullo v. Maryland*, 561 F.2d 540 (4th Cir. 1977)**.

---

[1] Even if these claims were not procedurally defaulted, Petitioner still would not be entitled to any review. By the terms of her Plea Agreement, Petitioner waived her right to obtain collateral review for claims such as these, and the record establishes that her waiver is fully enforceable. ***See United States v. General*, 278 F.3d 389, 400 (4th Cir. 2002).**

To demonstrate prejudice, Petitioner must show a probability that the alleged errors worked to her "'*actual* and substantial disadvantage, infecting [her] trial with error of constitutional dimensions.'" **Murray v. Carrier, 477 U.S. 478, 494 (1986) (quoting *Frady, supra*, at 166).** Under these circumstances, Petitioner "bears the burden of proving *Strickland* prejudice." **Fields, 956 F.2d at 1297 (citing *Hutchins, supra*).** Therefore, if Petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." **Id. (citing *Strickland, supra*, at 697)**.

A petitioner who alleges ineffective assistance of counsel following the entry of a guilty plea must meet an even higher burden. **See, Hill v. Lockhart, 474 U.S. 52, 53-59 (1985); *Fields, supra*, at 1294-99; *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988)**. The Fourth Circuit described a petitioner's additional burden in a post-guilty plea claim of ineffective assistance of counsel as follows:

> When a [petitioner] challenges a conviction entered after a guilty plea, [the] "prejudice" prong of the [*Strickland*] test is slightly modified. [The petitioner] "must show that there is a reasonable probability that, but for counsel's errors, [she] would not have pleaded guilty and would have insisted on going to trial."

**Hooper, supra, at 475 (quoting *Hill, supra*, at 59); *accord Fields, supra* at 1297**.

In evaluating a post-guilty plea claim of ineffective assistance of counsel, statements previously made under oath affirming satisfaction with counsel, such as those made by Petitioner here at the Rule 11 hearing, are binding absent "clear and convincing evidence to the contrary[.]" **_Fields_, at 1299, (citing _Blackledge v. Allison_, 431 U.S. 63, 74-75 (1977)); _accord_ _United States v. Lemaster_, 403 F.3d 216, 220-23 (4th Cir. 2005) (affirming summary dismissal of § 2255 motion, including ineffective assistance claim, noting inconsistent statements made during Rule 11 hearing).**

Applying the foregoing principles to Petitioner's allegations against counsel, it is apparent that she cannot prevail in this matter.  Indeed, it has not escaped the Court's attention that Petitioner does not assert that but for counsel's alleged ineffectiveness, she would have pled not guilty and insisted upon going to trial.  Thus, notwithstanding any other matters, Petitioner's claim against counsel is doomed by that failure.

Concerning the first alleged failure of counsel, Petitioner has failed specifically to identify what additional matters counsel should have explained to her with regard to her Plea Agreement and her protection

against self-incrimination.  It goes without saying, therefore, that she cannot prevail on that allegation.

Moreover, the record of the proceedings in this case, including the answers provided by Petitioner during her Rule 11 hearing, stand in stark conflict with the post-judgment, self-serving allegations she now raises. Turning to those answers, Petitioner's declarations tend to establish that she understood the terms of her plea agreement, she was fully aware of the consequences of that agreement, and understood her right to be free from self-incrimination.  Petitioner's answers also tend to establish that she understood her right to a jury trial, and her decision to plead guilty was the result of discussions with her attorney.  Such sworn statements simply cannot be set aside merely on the basis of Petitioner's belated assertions to the contrary.

Similarly, Petitioner's other conclusory assertions – that counsel failed to protect her during plea negotiations, failed to ensure that she received a "binding" plea agreement," failed to obtain a sentence that reflected her assistance to the Government, failed to investigate the circumstances of her involvement and any mitigating circumstances, and failed to challenge the Government's request for a two-point reduction in

her offense level – are equally unavailing.  On the contrary, the record clearly reflects that as a result of defense counsel's efforts, Petitioner received a plea agreement which included provisions for a reduced sentence in exchange for her substantial assistance.  Once Petitioner provided that assistance, the Government fulfilled its obligation and secured a considerable reduction on her behalf.

The benefit Petitioner received as a result of the motion for downward departure, coupled with the representations which defense counsel made at sentencing, resulted in her receiving a sentence at the lowest point of the Guideline range, rather than one within the original range of 151 to 188 months imprisonment.  Thus, Petitioner cannot possibly demonstrate any prejudice, let alone deficient performance of her attorney, in connection with those assertions.  In sum, Petitioner has failed to show why the Court should disregard her earlier sworn representations or her dual expressions of appreciation for and satisfaction with counsel's services.  Petitioner is not entitled to any relief on her claims because three of them have been procedurally defaulted and the other is both factually and legally baseless.  Therefore, Petitioner's motion must be denied and summarily dismissed.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion to

vacate, set aside or correct judgment pursuant to 28 U.S.C. § 2255 is

**DENIED**.  A Judgment dismissing this action is filed herewith.


Signed: August 14, 2007

Lacy H. Thornburg
United States District Judge